**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| In Re: Rare Breed Triggers Patent Litigation | 4:26-md-03176-ALM<br>MDL 3176 |
| ABC IP, LLC. and RARE BREED TRIGGERS, INC.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JOHN FAULKNER d/b/a FIREARMS DEPOT,<br><br>　　　　Defendants. | Civil Action No. 4:26-cv-00847-ALM |

**COUNTERCLAIM PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS
TO COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff and Counterclaim Defendants ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc ("Rare Breed") (collectively the "Counterclaim Defendants"), by and through its attorneys, hereby answers Defendant's and Counterclaim Plaintiffs John Faulkner d/b/a Firearms Depot ("Faulkner" or "Firearms Depot"), Counterclaims as follows:

**PARTIES**

1.　　Counterclaim Defendants admit the allegations in Paragraph 1

2.　　Counterclaim Defendants admit the allegations in Paragraph 2.

3.　　Counterclaim Defendants admit the allegations in Paragraph 3.

**JURISDICTION**

4.　　Counterclaim Defendants admit the allegations in Paragraph 4.

5.　　Counterclaim Defendants admit the allegations in Paragraph 5.

1

## BACKGROUND

6.      Counterclaim Defendants admit the allegations in Paragraph 6.

7.      Counterclaim Defendants admit the allegations in Paragraph 7.

8.      Counterclaim Defendants admit the allegations in Paragraph 8.

## COUNT I
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '247 PATENT

9.      Counterclaim Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

### Prosecution of the '247 Patent

10.      Counterclaim Defendants admit the allegations in Paragraph 10.

11.      Counterclaim Defendants admit the allegations in Paragraph 11.

12.      Counterclaim Defendants deny the allegations in Paragraph 12.

13.      Counterclaim Defendants deny the allegations in Paragraph 13.

14.      Counterclaim Defendants acknowledge that the documents referenced in Paragraph 14 speak for themselves but deny any other allegation in Paragraph 14.

15.      Counterclaim Defendants admit the allegations in Paragraph 15 to the extent they are consistent with 37 C.F.R. § 1.56 but deny any other allegation in Paragraph 15.

16.      Counterclaim Defendants admit the allegations in Paragraph 16.

17.      Counterclaim Defendants acknowledge that the documents referenced in Paragraph 17 speak for themselves but deny any other allegation in Paragraph 17.

18.      Counterclaim Defendants acknowledge that the documents referenced in Paragraph 18 speak for themselves but deny any other allegation in Paragraph 18.

2

19. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 19 speak for themselves but deny any other allegation in Paragraph 19.

20. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 20 speak for themselves but deny any other allegation in Paragraph 20.

21. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 21 speak for themselves but deny any other allegation in Paragraph 21.

22. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 22 speak for themselves but deny any other allegation in Paragraph 22.

23. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 23 speak for themselves but deny any other allegation in Paragraph 23.

24. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 24 speak for themselves but deny any other allegation in Paragraph 24.

25. Counterclaim Defendants deny the allegations in Paragraph 25.

**Tommy Triggers FRT-15-3MD Prior Art**

26. Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 26.

27. Counterclaim Defendants lack information or knowledge necessary to either admit or deny the allegations in Paragraph 27, and therefore deny the allegations in Paragraph 27.

28.     Counterclaim Defendants acknowledge that the documents referenced in Paragraph 28 speak for themselves but deny any other allegation in Paragraph 28.

29.     Counterclaim Defendants acknowledge that the documents referenced in Paragraph 29 speak for themselves but deny any other allegation in Paragraph 29.

30.     Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 30.

31.     Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 31.

32.     Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 32.

33. Counterclaim Defendants assert that the patent that claimed priority to this provisional application was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 33.

34. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 34 speak for themselves but deny any other allegation in Paragraph 34.

35. Counterclaim Defendants acknowledge that the referenced documents speak for themselves but deny that any relevant disclosure was missing from the cited prior art and any other allegation in Paragraph 35.

36. Counterclaim Defendants acknowledge that the referenced documents speak for themselves but deny that any relevant disclosure was missing from the cited prior art and any other allegation in Paragraph 36.

37. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 37 speak for themselves but deny any other allegation in Paragraph 37.

38. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 38 speak for themselves but deny any other allegation in Paragraph 38.

39. Counterclaim Defendants deny the allegations in Paragraph 39.

40. Counterclaim Defendants deny the allegations in Paragraph 40 and state that the Examiner was aware of the structure and operation of the FRT-15-3MD as prior art and found the claims patentable.

41.     Counterclaim Defendants deny the allegations in Paragraph 41 and state that the Examiner was aware of the structure and operation of the FRT-15-3MD as prior art and found the claims patentable.

42.     Counterclaim Defendants deny the allegations in Paragraph 42. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

43.     Counterclaim Defendants deny the allegations in Paragraph 43 and state that the Information Disclosure Statement filed in the '225 Application was on behalf of all parties who had a duty of disclosure.

44.     Counterclaim Defendants deny the allegations in Paragraph 44.

45.     Counterclaim Defendants admit that Rare Breed Triggers, LLC v. Strbac, Case No. 1:22-cv-280 (N.D. Ohio) was dismissed in October 2022 and state that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 45.

46.     Counterclaim Defendants deny the allegations in Paragraph 46.

### Rare Breed FRT-15E3 Prior Art

47.     Counterclaim Defendants acknowledge that the documents referenced in Paragraph 47 speak for themselves but deny any other allegation in Paragraph 47.

48. Counterclaim Defendants deny that the referenced video confirmed details about the FRT-15E3.

49. Counterclaim Defendants deny that an enabling disclosure of the FRT-15E3 was made to the public before the effective filing date of the '225 Application.

50. Counterclaim Defendants deny the allegations in Paragraph 50.

51. Counterclaim Defendants deny the allegations in Paragraph 51.

52. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 52 speak for themselves but deny any other allegation in Paragraph 52.

53. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 53 speak for themselves but deny any other allegation in Paragraph 53.

54. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 54 speak for themselves but deny any other allegation in Paragraph 54.

55. Counterclaim Defendants deny the allegations in Paragraph 55.

56. Counterclaim Defendants deny the allegations in Paragraph 56.

57. Counterclaim Defendants deny the allegations in Paragraph 57.

58. Counterclaim Defendants deny the allegations in Paragraph 58 and deny that the FRT-15E3 is prior art.

59. Counterclaim Defendants deny the allegations in Paragraph 59 and deny that the FRT-15E3 is prior art.

60. Counterclaim Defendants acknowledge that the referenced documents speak for themselves but deny that the FRT-15E3 was prior art and the remaining allegations in Paragraph 60.

61. Counterclaim Defendants deny the allegations in Paragraph 61.

**The '247 Patent is Unenforceable**

62.    Counterclaim Defendants deny the allegations in Paragraph 62.

63.    Counterclaim Defendants admit that Defendant requests a declaration of unenforceability but deny that Counterclaim Plaintiffs are entitled to such relief.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '247 PATENT**

64.    Counterclaim Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

65.    Counterclaim Defendants acknowledge that the documents referenced in Paragraph 65 speak for themselves but deny any other allegation in Paragraph 65.

66.    Counterclaim Defendants admit the allegations in Paragraph 66.

67.    Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was fully disclosed to and considered by the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 67.

68.    Counterclaim Defendants deny the allegations in Paragraph 68.

69.    Counterclaim Defendants admit the allegations in Paragraph 69.

70.    Counterclaim Defendants acknowledge that the documents referenced in Paragraph 70 speak for themselves but deny any other allegation in Paragraph 70.

71.    Counterclaim Defendants acknowledge that the documents referenced in Paragraph 71 speak for themselves but deny any other allegation in Paragraph 71.

72.     Counterclaim Defendants acknowledge that the documents referenced in Paragraph 72 speak for themselves but deny any other allegation in Paragraph 72.

73.     Counterclaim Defendants acknowledge that the documents referenced in Paragraph 73 speak for themselves but deny any other allegation in Paragraph 73.

74.     Counterclaim Defendants acknowledge that the documents referenced in Paragraph 74 speak for themselves but deny any other allegation in Paragraph 74.

75.     Counterclaim Defendants acknowledge that the documents referenced in Paragraph 75 speak for themselves but deny any other allegation in Paragraph 75.

76.     Counterclaim Defendants acknowledge that the documents referenced in Paragraph 76 speak for themselves but deny any other allegation in Paragraph 76.

77.     Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 77.

78.     Counterclaim Defendants deny the allegations in Paragraph 78.

79.     Counterclaim Defendants acknowledge that the referenced documents speak for themselves and assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely

9

discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 79.

80.     Counterclaim Defendants deny the allegations in Paragraph 80.

81.     Counterclaim Defendants admit that Defendant requests a declaration from this Court but deny that Counterclaim Plaintiffs are entitled to such relief.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), and without admitting or acknowledging that it bears the burden of proof as to any of them, ABC and Rare Breed assert the following affirmative defenses to Defendants'/Counterclaim Plaintiffs' Counterclaims.

1.     The Counterclaims fail to state a claim upon which relief can be granted.

2.     Defendants' counterclaims fail in whole or in part under principles of equity, including, without limitation, because of Defendants' unclean hands and acts done in bad faith.

## RESERVATION OF RIGHTS

In asserting these defenses, Counterclaim Defendants have not knowingly or intentionally waived any applicable defenses. Counterclaim Defendants' reserve the right to assert and rely upon any other applicable defenses that may become available or apparent during the course of this action, including discovery. Counterclaim Defendants' reserve the right to amend or seek to amend its answer or affirmative defenses.

## PRAYER FOR RELIEF

ABC and Rare Breed deny that Counterclaim Plaintiffs are entitled to any of the relief requested and also deny that such requested relief could properly be granted to Counterclaim Plaintiffs. ABC and Rare Breed request that the Court dismiss and/or deny any relief for any of the asserted Counterclaims.

DATED: August 10, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
　　　　bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 10, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

> /s/ Matthew A. Colvin
> Matthew A. Colvin