**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE: RARE BREED TRIGGERS PATENT LITIGATION | 4:26-md-03176-ALM<br>MDL 3176 |
| ABC IP, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JON FAULKNER, an individual, d/b/a FIREARMS DEPOT,<br><br>Defendant. | Civil Action No. 4:26-cv-00847-ALM<br><br>**OPPOSED MOTION TO WITHDRAW** |

Attorneys John M. Skeriotis and Sergey Vernyuk of Emerson, Thomson & Bennett, LLC ("ETB") respectfully move, under Local Rule CV-11(c), to withdraw as counsel of record for Defendant Jon Faulkner d/b/a Firearms Depot ("Mr. Faulkner"). Mr. Faulkner has discharged ETB, consents to this withdrawal, and has knowingly and voluntarily elected to represent himself *pro se*. Plaintiffs oppose the motion. For the reasons below, counsel submits that good cause supports withdrawal despite Plaintiffs' opposition. A proposed order is submitted herewith.

## I. BACKGROUND

ETB has represented Mr. Faulkner in this multidistrict litigation, *In re Rare Breed Triggers Patent Litigation*, No. 4:26-md-03176-ALM, and in the member case, *ABC IP, LLC, et al. v. Faulkner*, Civil Action No. 4:26-cv-00847-ALM. Mr. Faulkner has now affirmatively requested that ETB withdraw and has discharged ETB as his counsel.

## II. LEGAL STANDARD

An attorney may withdraw from representation only "upon leave of court and a showing of good cause after providing reasonable notice to the client," and the withdrawing attorney bears

the burden of proving good cause and showing that withdrawal will not adversely affect efficient litigation of the suit. *United States ex rel. Proctor v. Next Health LLC*, 652 F. Supp. 3d 788, 792-793 (E.D. Tex. 2023). Whether good cause exists is informed by the applicable rules of professional conduct. *Augustson v. Linea Aerea Nacional-Chile S.A. (LAN-Chile)*, 76 F.3d 658, 663 (5th Cir. 1996). The decision whether to permit withdrawal rests within the Court's sound discretion. *Next Health LLC*, 652 F. Supp. 3d at 792-93.

Under Texas Rule of Professional Conduct 1.16(a)(3), "[a] lawyer shall decline to represent a client or, where representation has commenced, shall withdraw, except as stated in paragraph (c), from the representation of a client, if: ... (3) the lawyer is discharged, with or without good cause." Furthermore, Rule 1.16(a)(3)'s "except" clause provides that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Therefore, the Court must satisfy itself that withdrawal will not disrupt the prosecution of the case, weighing: (1) the extent of any delay or disruption; (2) how long the case and any dispositive motions have been pending; (3) the time and expense for the client to obtain new counsel; (4) the burden on counsel if withdrawal is denied; (5) prejudice to other parties; and (6) harm to the administration of justice. *Next Health LLC*, 652 F. Supp. 3d at 793.

That disruption inquiry typically turns on a single distinction: whether the client is a natural person or a separate entity. Where an individual litigant elects to proceed *pro se* and withdrawal will not materially prejudice the parties or disrupt the proceedings, courts routinely find good cause to permit withdrawal. *United States v. Com. Recovery Sys., Inc.*, No. 4:15-CV-00036-ALM, 2016 WL 9245361, at *2 (E.D. Tex. Apr. 15, 2016)( holding that an individual may proceed *pro se* after discharging counsel and noting that, although 28 U.S.C. § 1654 guarantees the right to proceed

*pro se* in civil actions, that right does not extend to separate legal entities such as corporations or partnerships).

## III. ARGUMENT

### A. Mr. Faulkner Has Discharged ETB, Which Compels Withdrawal.

Texas's Rule of Professional Conduct 1.16(a)(3) makes withdrawal mandatory once a lawyer is discharged regardless of cause. Mr. Faulkner has unequivocally discharged ETB and has elected to proceed *pro se*. Therefore, ETB is required to withdraw. Plaintiffs' opposition cannot change the result, because an opposing party may not "essentially choose their opposing co-counsel or force" a litigant to retain counsel it has dismissed. *Considerate Com. Inc. v. ISP Elecs. LLC*, No. 3:23-CV-2140-E-BN, 2025 WL 2578244 (N.D. Tex. Sept. 5, 2025). The withdrawal inquiry protects the client's interest in directing his own representation, not the litigation preferences of the adverse party. Therefore, withdrawal should be granted.

### B. Decisions Denying Withdrawal Involve Separate Entities That Cannot Appear Pro Se; Mr. Faulkner May Appear Pro Se as an Individual.

The decisions that refuse to permit withdrawal rest on a feature absent here: the client was a corporation or partnership that "cannot proceed *pro se*." *Terra Tersus, LLC v. XTO Energy, Inc.*, No. 6:17-CV-697-RWS-KNM, 2018 WL 10125126, at *1 (E.D. Tex. Aug. 29, 2018)(denying withdrawal of counsel for a corporation). Moreover, 28 U.S.C. § 1654 has been "uniformly" read not to permit corporations, partnerships, or associations to appear except through a licensed attorney. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–203, 121 L. Ed. 2d 656 (1993).

This Court has found that the distinction between individuals and entities is dispositive. For example, in *Commercial Recovery Systems*, the court granted withdrawal and held that the individual defendant "may appear *pro se*," while the corporate co-defendant "has no right to

proceed without counsel." *United States v. Com. Recovery Sys., Inc.*, No. 4:15-CV-00036-ALM, 2016 WL 9245361, at *2 (E.D. Tex. Apr. 15, 2016).

Mr. Faulkner falls on the individual side of that line. Mr. Faulkner is being sued as an individual in this action. Complaint, Dkt. #1, ¶3 ("Upon information and belief, Defendant is an individual with an address of 25430 NW 8th LN, #124 Newberry, FL 32669"). Mr. Faulkner has held himself out as an individual and not a separate legal entity such as a corporation. See Answer, Dkt. #15, ¶3 ("Defendant admits the allegations of ¶3 of the Complaint.").

Mr. Faulkner's trade name does not make him a separate business entity. *Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, 80 F.4th 607, 617 (5th Cir. 2023) ("[u]nder Texas law, a sole proprietorship is one and the same as the person who is the proprietor."); *HubFul Venture Consulting v. NTS Commun., LLC*, No. 5:23-CV-066-H-BV, 2024 WL 4711995, at *4 (N.D. Tex. Sept. 30, 2024) ("a sole proprietorship is not a legal entity separate and distinct from the individual owner doing business in that name.").

Thus, as a sole proprietor and an individual, Mr. Faulkner retains his right under § 1654 to represent himself, and the disruption concern that drove the entity cases does not arise.

### C. <u>The Remaining Factors Confirm That Withdrawal Will Not Disrupt the Case.</u>

Each remaining factor favors withdrawal. Because Mr. Faulkner will represent himself, no gap in representation arises and no continuance is required; this matter remains at an early stage, with no dispositive motions pending; Mr. Faulkner bears no burden to find new counsel, having chosen to proceed *pro se*; ETB would face a needless burden if forced to continue a representation its client has terminated; and Plaintiffs can identify no cognizable prejudice beyond litigating against a self-represented opponent. Withdrawal thus works no harm to the orderly administration of this case.

## IV. CONCLUSION

For these reasons, the undersigned respectfully request that the Court grant this motion over Plaintiffs' opposition, permit John M. Skeriotis and Sergey Vernyuk of ETB to withdraw as counsel of record for Mr. Faulkner, and enter the accompanying proposed order.

Dated: November 2, 2026

Respectfully submitted,

*/s/ John M. Skeriotis*

John M. Skeriotis (Ohio Bar # 0069263)
jms@etblaw.com
Sergey Vernyuk (Ohio Bar # 0089101)
sv@etblaw.com
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile

*Withdrawing Counsel for Defendant*
*Jon Faulkner d/b/a Firearms Depot*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel has complied with the meet-and-confer requirement set forth in Local Rule CV-7(h). On October 26, 2026, I conferred by telephone with Bret Winterle, counsel for Plaintiffs ABC IP, LLC, et al., regarding this motion. On October 27, 2026, Plaintiffs indicated that they will oppose this motion.

*/s/ John M. Skeriotis*
John M. Skeriotis