**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JESSE T. KLINE,<br><br>Defendant. | Civil Action No. 4:26-cv-00958-ALM |
| ABC IP, LLC and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN FAULKNER, an individual, d/b/a FIREARMS DEPOT,<br><br>Defendant. | Civil Action No. 4:26-cv-00847-ALM |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTIONS TO WITHDRAW AS COUNSEL FOR DEFENDANTS JESSE T. KLINE AND JOHN FAULKNER**

## I. INTRODUCTION

Plaintiffs take no position on who represents Mr. Kline or Mr. Faulkner, and do not dispute that each may represent himself. Before these motions were filed, Plaintiffs told withdrawing counsel that they would not oppose a substitution of counsel. Plaintiffs oppose only a withdrawal that would leave two defendants in this MDL with no counsel of record and no stated way to be served, to coordinate with Defendants' Leadership Counsel, or to receive protected material. Local Rule CV-11(c) permits withdrawal "only by motion and order under conditions imposed by the court." The motions should be denied unless and until an appearance of substitute counsel is entered, or each defendant files his contact information, consents to electronic service, and acknowledges the orders that govern every party in this MDL.

## II. ARGUMENT

### A. The Court Sets the Terms of Withdrawal, and ETB Must Show That Withdrawal Will Not Disrupt the Litigation

On November 2, 2026, Emerson, Thomson & Bennett ("ETB") moved to withdraw as counsel for Mr. Kline and Mr. Faulkner. ETB stated that each had discharged the firm and elected to proceed pro se. (Kline D.I. 50 at 1; Faulkner D.I. 21 at 1.) When ETB raised withdrawal beforehand, Plaintiffs stated that they would oppose a withdrawal that left these defendants as pro se parties in the MDL. (*See* Kline D.I. 50 at 5.) Plaintiffs also stated that they would not oppose a substitution of counsel.

Plaintiffs do not contend that an individual must keep counsel he has discharged, and the cases ETB cites on that point are not in dispute. (*See* Kline D.I. 50 at 3–4.) The question is the terms on which withdrawal takes effect, and CV-11(c) commits that question to the Court. The rule ETB invokes is itself subject to the Court's orders: "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the

representation." Tex. Disciplinary R. Prof'l Conduct 1.16(c); *see id.* 1.16(a). ETB agrees that "the Court must satisfy itself that withdrawal will not disrupt the prosecution of the case." (Kline D.I. 50 at 2.) That inquiry applies when the client ends the representation, as it did in the case ETB cites. *See United States v. Com. Recovery Sys., Inc.*, 2016 WL 9245361, at *1 (E.D. Tex. Apr. 15, 2016) (clients moved to terminate counsel's representation; withdrawal must "not adversely affect efficient litigation of the suit" (internal quotation marks, alterations omitted)). The relevant factors include "the extent to which the attorney's withdrawal will delay or disrupt the case," "prejudice to the other parties," and "whether withdrawal will harm the administration of justice." *United States ex rel. Proctor v. Next Health LLC*, 652 F. Supp. 3d 788, 793 (E.D. Tex. 2023) (internal quotation marks omitted).

**B. Withdrawal Without Conditions Would Disrupt Service, Coordination, the Handling of Protected Material, and the Orderly Conduct of This MDL**

ETB states that no "gap in representation arises" because its clients will represent themselves. (Kline D.I. 50 at 4.) The MDL's orders, and Mr. Kline's own history in this dispute, show otherwise.

*Service.* The parties' e-mail service agreement runs "to all counsel of record for the party to be served." (MDL D.I. 74 § 15(a), at 12.) Once ETB withdraws, these defendants have none. A pro se party who has not "consented in writing to receiving service by electronic means" cannot be served electronically. L.R. CV-5(d). ETB's proposed orders would end its own electronic notice without providing any address or means of service on its former clients. (Kline D.I. 50-1; Faulkner D.I. 21-1.)

*Coordination.* Communications on common matters go to Defendants' Leadership Counsel, "who shall be responsible for distributing them to other Defendants' counsel and pro se defendants." (MDL D.I. 79 at 2; *see also id.* at 4.) Mr. Skeriotis is one of Defendants'

Leadership Counsel. (*Id.* at 2.) That channel works only if leadership has a current address for each pro se defendant.

*Protected material.* A self-represented individual may receive CONFIDENTIAL material only after signing the Protective Order's Exhibit A, "which shall be provided to the producing Party before disclosure." He may not receive ATTORNEYS' EYES ONLY material at all. (MDL D.I. 76 §§ VIII(b)(iii), IX(b), at 14, 16.) Every party serving a paper that contains such material must know how to serve these defendants without breaching that order. The Protective Order allows a producing party to designate as AEO technical design documentation, engineering and testing documents, and sales and financial data. (*Id.* § IX(a), at 16.) That is much of the material on which infringement and damages will be litigated. A defendant who proceeds pro se will not be able to see it, even to defend himself, and Plaintiffs suggest that any order permitting withdrawal advise each defendant of that limitation.

*Orderly proceedings.* An MDL of this size depends on every party following the same procedures. Mr. Kline's own pro se history in this dispute shows why this is a legitimate question. Before this case was transferred, he represented himself in the Southern District of Mississippi from October 2025 until counsel appeared in July 2026. (Kline D.I. 9, 41.) That court found that he "simply seeks to avoid answering this Complaint in any forum." (Kline D.I. 38 at 5.) Once represented, he answered. (Kline D.I. 46.) Plaintiffs would prefer not to repeat that experience across this MDL. If pro se defendants are given special tolerance for compliance with the civil rules, an MDL of this size could become derailed and costs unnecessarily compounded. The conditions requested here are aimed at preventing it.

### C. The Requested Conditions Ask Only What the Court's Orders Already Require

Unless an appearance of substitute counsel is entered, before withdrawal takes effect, each defendant would file four things:

1. a notice of pro se appearance stating his physical address and his pending cases in this District, as L.R. CV-11(d) requires, together with an e-mail address and telephone number;
2. either registration as a Filing User, L.R. CV-5(a)(2)(B), or written consent to electronic service, L.R. CV-5(d); Fed. R. Civ. P. 5(b)(2)(E). The consent would extend to e-mail service of discovery on the terms that § 15(a) of the Discovery Order provides for counsel of record;
3. a signed Exhibit A and a written acknowledgment that he is bound by the Discovery, E-Discovery, Protective, and Initial Case Management Orders. The acknowledgment would cover two points: he may not receive AEO material, and any departure from the E-Discovery Order's production parameters must come by agreement under ¶ 4 of that order or by order of the Court; and
4. a notice agreeing to be held to the same rules and standards as are counsel for all other parties.

None of these requires counsel. Each asks only that the defendant give the Court an address, accept electronic service, and confirm that he will follow the orders every other party follows. This District has permitted withdrawal subject to conditions, including that withdrawing counsel serve the order on the client and file proof of service. *See Next Health*, 652 F. Supp. 3d at 795–96. The proposed order also keeps ETB as counsel of record until these papers are filed, and extends Defendants' Leadership Counsel's existing duties under the Initial Case Management Order to these defendants.

## III. CONCLUSION

Plaintiffs respectfully request that the Court deny the motions unless and until Mr. Kline and Mr. Faulkner have each satisfied these conditions, and enter the accompanying proposed order.

DATED: November 16, 2026

Respectfully submitted,

*<u>/s/ Oliver J. Richards</u>*
Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Oliver J. Richards
CA Bar No. 310972
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
E-mail: ojr@fr.com
Tel: (858) 678-5070
Fax: (858) 678-5099

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue

Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

***Attorneys for Plaintiffs***
***ABC IP, LLC and Rare Breed Triggers, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 16, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Oliver J. Richards*
Oliver J. Richards